DECEMBER, 1824.

Cotton
v.
Lane and White.

</div>

---

Pitcher and Remsen *against* Patrick's Administrators.  *December, 1824.*

JUDGE *Minor* delivered the opinion of the Court.

This was an action of debt on the joint bond of *Pitcher* and *Remsen* to *Isaac Patrick.* Issues were joined, and a trial had on their joint pleas of payment and set off. On the trial they offered to prove and set off a debt due by open account from the intestate to *Remsen.* This evidence was rejected, a bill of Exceptions taken, and the matter thereof is now assigned as Error.

It has been held that in an action against two on their joint note, the individual demand of either may be set off. 2 Tyler's Rep. 391. In an action against one obligor, a set off or discount in right of the other shall be allowed. 2 Bay. Rep. 475. I am not informed of the extent of the Statute as to set off in the States where these decisions were made, and therefore cannot say what weight these decisions should have here ; but I cannot find any case either in the British or American Reporters in which this principle is denied or its force weakened.

The plain object of a set off is to determine the rights of

*Debt by administrators of obligee on the joint bond of two; under their joint plea a debt from the intestate to one of the obligors may be set off.*

41

the parties in one instead of two actions. The plea or evidence of the set off is to be tested by its mutuality with the claim set up in the declaration. There can be no doubt that the evidence would have been admissible in an action on this bond against *Remsen* separately ; that a judgment for *Remsen* on such a plea would have been a bar to an action against his co-obligor ; and that a payment by him would discharge *Pitcher*. Though *Patrick* may have taken the joint bond without any view to *Remsen's* demand against him, and relying on Pitcher only, it can make no difference. Mutual credit can be constituted though the parties do not mean particularly to trust each other, as when the note, &c., of plaintiff is assigned to defendant before the commencement of the action. (3 Term. R. 507. 8 John. 118. 1 East 375.) So, though the demand were originally joint, if it afterwards becomes separate, as in an action by a surviving partner, a separate debt due from him is a good set off. (5 Term, 493.) So a debt due from *Cestui que trust* in an action by trustee, (3 Cra. 342. 1 T. R. 621.) and Courts of law on motion have set off a judgment in favour of *defendant and another* against the plaintiff, in satisfaction of plaintiff's judgment against defendants separately. (6 Bac. Ab. 137. 2 Com. Dig. 105. 4 Term, 1238.)

In the case at bar, the money, if recovered, would be assets in the hands of the administrators, and liable to the very demand *Remsen* now offers to set off. A judgment for the administrators in this action would render him liable to pay that which, on his demand now offered to be set off, he may be entitled to recover back. Why should the parties be required to resort to two actions to settle that which can be as well determined in one ? Can there be any doubt that *Remsen,* if not permitted to prove and set off his demand in this action, would be protected by a Court of Chancery from the judgment to the amount of *Patrick's* debt to him ? or that the joint debt so extinguished as to *Remsen,* would not be extinguished as to *Pitcher* also ? But it has been urged that our Statute as to set off requires the Jury, if they find that the plaintiff's debt is, by the set off, overpaid, to certify how much the plaintiff is indebted over and above the sum by him demanded ; which sum, so certified, shall become a debt of Record, &c. (Laws Ala. 457) ; and as the excess, if found, could not here be certified as a debt due to both defendants, testimony should not go to the Jury, upon which they could not find and certify as required by the Statute. The defendant in an action by the assignee of a note, &c., is to have the benefit

of all discounts and sets off possessed or had previous to notice of the assignment, (Laws Ala. 69); in such action a debt due from the original payee of the note could unquestionably be plead and proved: yet an excess in favour of defendant could not by the finding of the Jury be made a debt of Record either against the plaintiff, or against the payee, who was not a party in the action. The provision as to certifying the excess due to defendant was for his benefit; it does not exclude him from the benefit of the set off, though he may not be able to have the balance certified. It is our unanimous opinion that the judgment of the Circuit Court be reversed, and the cause remanded.

<div style="text-align: right">December, 1824.

Pitcher and Remsen
v.
Patrick's Administrators.</div>

The Chief Justice not sitting.

*Barton* and *Pickens* for plaintiffs.

*H. G. Perry* for defendants in Error.

